UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

AKIVA BEN YEHUDAH,

                        Plaintiff,

-against-

THE CITY OF NEW YORK; JESSE PINTO, ALEX MARKOV, and JOHN and JANE DOE 1-10, individually and in their official capacities,

                        Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 5977 (FB) (SMG)

      **WHEREAS,** plaintiff commenced this action by filing a complaint in the Southern District of New York on or about December 22, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

      2.    The City of New York hereby agrees to pay plaintiff Akiva Ben Yehudah the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000) in full satisfaction of all of plaintiff's claims, including claims for costs, expenses, and attorneys' fees. In consideration for

the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the named defendants, the City of New York, Jesse Pinto and Alex Markov, and to release all of defendants, including the individuals named herein as "JOHN DOE 1-10," and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and defendants Jesse Pinto, Alex Markov and the individuals named herein as "JOHN DOE 1-10" regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
_____, 2011

| | |
|---|---|
| Brett H. Klein, Esq.<br>Leventhal & Klein, LLP<br>*Attorneys for Plaintiff*<br>45 Main Street<br>Suite 230<br>Brooklyn, NY 11201<br>(718) 722-4100<br><br>By: _____<br>Brett H. Klein, Esq.<br>*Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, Rm. 3-137<br>New York, New York 10007<br>(212) 676-1347<br><br>By: _____<br>Matthew Weir<br>*Assistant Corporation Counsel* |

SO ORDERED:

_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

3